**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1716-22

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

ALLAQUAN JACKSON,
a/k/a KHALIF JACKSON,
and KAILIF JACKSON,

     Defendant-Appellant.

_____

Submitted April 15, 2024 – May 1, 2024

Before Judges Sabatino and Chase.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 00-03-0886.

Jennifer Nicole Sellitti, Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel, on the brief).

Theodore N. Stephens, II, Essex County Prosecutor, attorney for respondent (Stephen Anton Pogany, Assistant Prosecutor, of counsel and on the brief).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant Allaquan Jackson appeals from the Law Division's October 28, 2022 order denying his motion for a new trial without an evidentiary hearing based upon newly discovered evidence. We affirm.

I.

After defendant was convicted by a jury of murdering the mother of his two children, he was sentenced to an aggregate term of life imprisonment with a thirty-year parole ineligibility. We affirmed that conviction on direct appeal. State v. Jackson, No. A-1978-01 (App. Div. July 7, 2003), certif. denied, 178 N.J. 34 (2003). Defendant's first petition for post-conviction relief ("PCR") was then denied. We affirmed that denial on direct appeal. State v. Jackson, No. A-0863-07 (App. Div. February 17, 2009), certif. denied, 200 N.J. 549 (2009). Defendant next filed a petition for habeas relief, which was denied. Jackson v. Bartowski, No. 10-5452, 2012 U.S. Dist. LEXIS 97126 (D.N.J. July 11, 2012). A motion to reopen the habeas petition was also denied. Jackson v. Bartowski, No. 10-5452, 2013 U.S. Dist. LEXIS 89427 (D.N.J. June 26, 2013). Defendant then filed a second PCR petition, and we affirmed the trial court's denial. State v. Jackson, 454 N.J. Super 284 (App. Div. 2018), certif. denied, 236 N.J. 35 (2018), reconsideration denied, 238 NJ 373 (2019).

2

We need not recite the lengthy factual history here, which is familiar to the parties, and instead incorporate by reference the details stated in our prior opinions. The following background will suffice for the present appeal.

In October 1999, sixteen-year-old Shavonne Young, the mother of then-twenty-four-year-old defendant's two children, reported to police that defendant sexually assaulted her and threatened to kill her. She received a temporary restraining order. Three days later, her landlord found her in the presence of her young children wounded by gunfire. She had been shot six times and later died from her injuries at the hospital.

A police investigation found the front door of Young's apartment had been forced open. A neighbor observed defendant leaving the apartment on the day of the homicide, getting into a car, and driving away. According to the neighbor, no one else was in the car. Defendant admitted he shot Young both to a friend and to police after his arrest.

In 2001, a jury found defendant guilty of first-degree murder. At trial, he testified he drove his brother, Kalief Jackson, and his brother's girlfriend, Malika Williams, to Young's home. However, he denied shooting Young and testified his brother pulled the trigger. He testified his brother went into her house and came back to the car telling them to leave because he shot her. Instead of leaving

the scene, defendant testified he went into the house, saw she had been shot, returned to the car, and fled. He also testified he had told his friend that he shot Young to protect his brother.

Before trial, Malika Williams advised trial counsel defendant's brother committed the homicide. However, one week later, she advised trial counsel that statement was false. Both the statement and its recantation were relayed to the prosecutor. Defendant's trial attorney subpoenaed Williams to testify. During trial, Williams appeared most days and acknowledged receiving the subpoena. However, she did not return on the day defendant's case began and thus was not called as a witness.

In June 2021, defendant moved for a new trial based upon newly discovered evidence. As part of his filing, he attached a purported notarized statement from Williams, dated April 13, 2021, stating she did not appear to testify at his trial because she realized the trial judge was the same judge who ordered the removal of her children and she was afraid if he recognized her, he would prevent her from regaining custody of her children. On May 18, 2022, a defense investigator reached out to Williams. Williams told the investigator she never signed a statement in April 2021, defendant had been harassing her to come to court and lie, and she did not know anything about the murder.

A-1716-22

Following oral argument, the trial court denied defendant's motion. Specifically, the court concluded defendant had not met the standards for a new trial set forth in State v. Szemple, 247 N.J. 82, 99 (2021) (quoting State v. Nash, 212 N.J. 518, 549 (2013)). The court then held no new exculpatory evidence had been presented and the defense could not corroborate the claims. This appeal followed.

In his counseled brief, defendant argues the following:

> POINT I
>
> AN EVIDENTARY HEARING MUST BE GRANTED AS TO DEFENDANT'S MOTION FOR A NEW TRIAL BASED UPON NEWLY DISCOVERED EVIDENCE REGARDING MALIKA WILLIAMS, A PROSPECTIVE EXCULPATORY WITNESS, SO AS TO ASSESS HER CREDIBILITY.

Defendant's pro se supplemental brief presents the following additional arguments for our consideration:

> POINT I
>
> A REASONABLE PROBABILITY EXISTS THAT THE VERDICT WOULD HAVE BEEN DIFFERENT HAD THE JURY BEEN AWARE OF MALIKA WILLIAMS'S TESTIMONY CONCERNING OF THE INCIDENT; AND JUDGE NELSON'S FAILURE TO RECU[SE] H[I]MSELF SUA SPONTE DEPRIVED DEFENDANT OF HIS CONSTITUTIONAL RIGHT TO A FAIR TRIAL WARRANTING REVERSAL OF

THE DEFENDANT'S CONVICTIONS AND SENTENCE

    A. UNDER [STRICKLAND[1]] TEST, THE REPRESENTATION PROVIDED TO DEFENDANT-APPELLANT FELL BELOW AN OBJECTIVE STANDARD OF REASONABLENESS

        I.    NEWLY DISCOVERED EVIDENCE; THIRD-PARTY AND ALIBI DEFENSE

        II.    JUDGE NELSON'S FAILURE TO RECU[S]E HIMSELF AFTER BOTH RECOGNIZING AND REALIZING THAT IN FACT HE HAD PRIOR INVO[LVE]MENT WITH MS. WILLIAMS WAS A STRUCTURAL ERROR WARRANTING REVERSAL

    B. UNDER THE [STRICKLAND] TEST, DEFENDANT-APPELLANT'S TRIAL ATTORNEY'S FAILURE TO RENDER EFFECTIVE ASSISTANCE RESULTED IN PREJUDICE TOWARD AND INJURY TO DEFENDANT-APPELLANT

II.

Our consideration of these arguments is guided by well-established principles. A motion for a "new trial based on the ground of newly-discovered evidence may be made at any time[.]" R. 3:20-2. To obtain a new trial based

---

[1] Strickland v. Washington, 466 U.S. 668 (1984).

A-1716-22

upon such a claim, a criminal defendant must establish the evidence is: "(1) material to the issue and not merely cumulative or impeaching or contradictory; (2) discovered since the trial and not discoverable by reasonable diligence beforehand; and (3) of the sort that would probably change the jury's verdict if a new trial were granted." State v. Carter, 85 N.J. 300, 314 (1981) (citing State v. Artis, 36 N.J. 538 (1962)); see also State v. Peterson, 364 N.J. Super. 387, 398 (2003). All three prongs of the Carter test must be satisfied to grant a new trial. 85 N.J. at 314.

The first and third prongs of the Carter test "are inextricably intertwined." State v. Nash 212 N.J. 518, 549 (2013); see also State v. Behn 375 N.J. Super. 409, 432 (App. Div. 2005) (recognizing "analysis of newly discovered evidence essentially merges the first and third prongs of the Carter test"). Under the first prong, "'[m]aterial evidence is any evidence that would have some bearing on the claims being advanced.'" Nash, 212 N.J. at 549 (alteration in original) (quoting State v. Ways, 180 N.J. 171, 188 (2004)). As such, "evidence that supports a defense, such as [an] alibi, . . . would be material." Ways, 180 N.J. at 188. However, "'[d]etermining whether evidence is "merely cumulative, or impeaching, or contradictory,"' necessarily implicated prong three, 'whether the evidence is "of the sort that would probably change the jury's verdict is a new

trial were granted."'"  Nash, 212 N.J. at 549 (alteration in original) (quoting Ways, 180 N.J. at 188-89).

Under that rubric, "evidence that would have the probable effect of raising a reasonable doubt as to the defendant's guilt would not be considered merely cumulative, impeaching, or contradictory."  Ibid. (quoting Ways, 180 N.J. at 189).  On the other hand, "[t]he characterization of evidence as 'merely cumulative, or impeaching, or contradictory' is a judgment that such evidence is not of great significance and would probably not alter the outcome of a verdict." Ways, 180 N.J. at 189.  This requires assessing such evidence in the context of the "'corroborative proofs' in th[e] record."  Szemple, 247 N.J. at 110 (quoting State v. Herrerra, 211 N.J. 308, 343 (2021)).

Carter's second prong "recognizes that judgments must be accorded a degree of finality and, therefore, requires that the new evidence must have been discovered after completion of trial and must not have been discoverable earlier through the exercise of reasonable diligence."  Ways, 180 N.J. at 192 (citing Carter, 85 N.J. at 314).  Under this prong, "[t]he defense must 'act with reasonable dispatch in searching for evidence before the start of the trial.'" Nash, 212 N.J. at 550 (quoting Ways, 180 N.J. at 192).  Indeed, "the belated

introduction of evidence may be relevant to the . . . court's evaluation of the evidence's credibility." Ways, 180 N.J. at 192.

Our scope of review of a determination of a motion for a new trial is limited. Such a determination is committed to the "'sound discretion of the trial judge'" and "'will not be interfered with on appeal unless a clear abuse has been shown.'" State v. Armour, 446 N.J. Super. 295, 306 (App. Div. 2016) (quoting State v. Russo, 333 N.J. Super. 119, 137 (App. Div. 2000)); see also State v. Fortin, 464 N.J. Super. 193, 216 (App. Div. 2020). The burden remains on the defendant to satisfy each prong of the standard. Fortin, 464 N.J. Super. at 216 (citing State v. Smith, 29 N.J 573 (1959)).

### III.

The trial court correctly applied these standards in considering defendant's motion and did not abuse its discretion in denying a new trial. The court noted Williams later advised she had been harassed by defendant to lie and never signed the April 2021 statement. As the trial court underscored, defendant submitted evidence to the court which directly contradicted his claims as to why Williams allegedly did not testify at trial. There was no evidence presented from the notary detailing the surrounding circumstances of obtaining a signature purported to be that of Williams. Evaluating the evidence as a whole, the trial

court concluded defendant "failed to provide any new evidence warranting the court to grant him a new trial."

We endorse this sound reasoning. These arguments are insufficient to warrant a new trial. Trial counsel did not present any "new evidence" or evidence that could not have been obtained back at the time of trial.

We have previously held the evidence against defendant was overwhelming. Among other things, the strength of the State's proofs included defendant's confessions to both police and a friend, an eyewitness who saw defendant leaving the victim's house right before she was found, and evidence of defendant's flight.

In sum, the trial court was well within its "sound discretion" in denying defendant's new trial motion. Williams recanted and denied testimony is simply inadequate to cast sufficient doubt upon the State's powerful evidence of his guilt.

## IV.

Like PCR petitions, the mere raising of a claim of newly discovered evidence does not entitle the defendant to an evidentiary hearing. Cf. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999) ("Although R[ule] 3:22-1 does not require evidentiary hearings to be held on [PCR] petitions, R[ule] 3:22-

recognizes judicial discretion to conduct such hearings."); <u>State v. Porter</u>, 216 N.J. 343, 354 (2013) ("[O]nce a defendant presents a prima facie claim, an evidentiary hearing should ordinarily be granted to resolve any ineffective assistance of counsel claims." (citation omitted)). The same standard applies to a motion for a new trial based on newly discovered evidence—that is, the trial court should grant an evidentiary hearing only if the defendant has presented a prima facie case of newly discovered evidence warranting a new trial under the <u>Carter</u> test. 85 N.J. at 314; <u>R.</u> 3:22-10(b).

In defendant's denied direct appeal, appeal of his first PCR, and appeal of his second PCR, he alleged counsel was ineffective for not calling Williams as a trial witness. Defendant's current argument his trial counsel failed the <u>Strickland</u> test was previously decided, and we will not revisit it. Defendant conflates his motion for a new trial based on newly discovered evidence with his already-litigated claims of ineffective assistance of counsel.

The remainder of defendant's arguments lack sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1716-22